IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIBBITZ, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-43 (CFC) |
| v. | ) |
| | ) |
| SHOE CHARMS LLC, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME

Defendant Shoe Charms LLC respectfully moves for leave to file its answer to Plaintiff Jibbitz, Inc.'s complaint (D.I. 1) out of time pursuant to Fed. R. Civ. P. 6(b)(1)(B). A copy of Shoe Charms' Proposed Answer is attached as Exhibit A.

### I. Nature and Stage of Proceedings

Jibbitz filed this action on January 11, 2022, asserting infringement of certain claims of U.S. Patent Nos. 7,698,836, 8,122,519, and 8,782,814, all of which claim "[a] system for securing a decorative accessory" to an article of clothing. D.I. 1. Pursuant to a waiver of service (D.I. 6), Shoe Charms' response was originally due on March 14, 2022. In agreeing to the waiver of service, former counsel for Shoe Charms requested an extension of 60 days to respond to the complaint, which would have made a response due on May 13, 2022. *See* D.I. 12-1, Ex. C at PDF p. 9 (Email from M. Merman to B. Fernandez). Apparently, Jibbitz never responded to this request. On February 2, 2022, Shoe Charms' owner, Eric Ponce, informed Jibbitz's

counsel that Shoe Charms was no longer represented by counsel and that Mr. Ponce would seek to engage new counsel to defend Shoe Charms. D.I. 12, ¶¶ 14, 16.

On April 26, 2022, Jibbitz filed a Motion for Default Judgment (D.I. 11), which is currently pending before the Court. On May 2, 2022, Mr. Ponce submitted to the Court a letter requesting additional time to retain counsel in this matter, which the Court docketed as a "Motion for Extension of Time to find representation" (D.I. 16).

Following a brief conversation with Mr. Ponce on May 4, 2022, undersigned counsel contacted Jibbitz's counsel to see if it would be willing to withdraw its motion for default judgment if Shoe Charms filed an answer to the complaint. On May 9, counsel for Jibbitz responded that it would not withdraw the request for default and would oppose any request for an extension. Ex. B.

## II.   Brief Statement of Facts

Plaintiff Jibbitz, Inc. is a wholly owned subsidiary of Crocs, Inc. D.I. 1, ¶ 3. Crocs describes itself as "a world leader in innovative casual footwear" that has "sold more than 720 million pairs of shoes" since 2002.[1] It is a public company, with a market cap of $3.3 billion dollars, 2021 annual revenues of $2.3 billion, and 4,000

---

[1]   https://investors.crocs.com/overview/default.aspx.

employees worldwide.[2]

Defendant Shoe Charms LLC is a small business owned by Mr. Ponce that operates about a dozen small kiosks in shopping malls selling plastic charms. Such charms are sold by thousands of other small retailers; indeed, a search on Amazon.com for "shoe charms" returns over 6,000 results of similar products.[3] In contrast to Crocs' $2.3 billion in sales, Shoe Charms had revenues of approximately $800,000 in 2021.

The patents-in-suit claim "[a] system for securing a decorative accessory" to a wearable item, such as Crocs' shoes. Asserted claim 26 of the '836 patent is representative of all asserted claims. In essence, it claims "a system" whereby a decorative accessory attached to a shaft is inserted into an "expandable hole" in a shoe. *See* D.I. 1, ¶¶ 22-23. The other asserted claims are similar, but substitute "a wearable item" or "an article of clothing" for a shoe with a hole. *Id.* ¶¶ 30-31, 38-39.

As discussed in the motion filed by Mr. Ponce on behalf of Shoe Charms (D.I. 16), he diligently sought counsel and has communicated with Jibbitz's counsel on several occasions. Not surprisingly, Shoe Charms has had difficulty finding counsel

---

[2]   https://investors.crocs.com/news-and-events/press-releases/press-release-details/2022/Crocs-Inc.-Reports-Record-Annual-Revenues-of-2.3-Billion-Growing-67-Over-2020/default.aspx

[3]   https://www.amazon.com/s?k=shoe+charms

that would take a case for a very small business against a giant like Crocs.  Having now engaged counsel, Shoe Charms seeks leave to file its answer to the complaint outside of the time specified under the Rules.

### III. Argument

Federal Rule of Civil Procedure 6(b)(1)(B) states that "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  In assessing "excusable neglect," courts in the Third Circuit consider the factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).  *See Ryder v. Bartholomew*, 715 Fed. Appx. 144, 148 (3d Cir. 2017).  Those factors include "'the danger of prejudice,' 'the length of the delay and its potential impact on judicial proceedings,' 'the reason for the delay,' and 'whether the movant acted in good faith.'"  *Id.*, quoting *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010).  The *Ryder* court also noted the Third Circuit's "decided preference for resolution of cases on the merits." *Id.*

Each of the *Pioneer* factors favor a finding of excusable neglect resulting from Shoe Charms' efforts to find counsel.  There is no "danger of prejudice" to Jibbitz because the case was recently filed.  Similarly, the delay is short (and in line with the courtesy of extensions commonly granted in Delaware) and there will be little, if any, impact on the proceedings.  With regard to the last two *Pioneer* factors, the reason for the delay is Shoe Charms inability to secure counsel until less than a week

before this motion and answer is filed, which likewise demonstrates Shoe Charms' good faith efforts to engage in the litigation. Finally, the Third Circuit's strong preference that cases be resolved on their merits rather than by default judgment weighs heavily in favor of granting this motion to file the answer out of time.

### IV.   Conclusion

For the foregoing reasons, Defendant Shoe Charms respectfully requests that the Court grant its motion to file its answer to the complaint out of time, and enter the attached Answer (Ex. A) on the docket. A proposed order is attached.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Michael Flynn*

_____
Michael Flynn (#5333)
Matthew Middleton (#6877)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@morrisnichols.com
mmiddleton@morrisnichols.com

*Attorneys for Defendant*

May 10, 2022

## **RULE 7.1.1. STATEMENT**

Undersigned counsel certifies that the parties have conferred regarding the filing of this Motion, and that counsel understands that Plaintiff Jibbitz, Inc. opposes the Motion.

*/s/ Michael Flynn*

Michael J. Flynn (#5333)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 10, 2022, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>Brandon R. Harper, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff Jibbitz, Inc.* | *VIA ELECTRONIC MAIL* |
| Ben Fernandez, Esquire<br>Sydney Donovan, Esquire<br>Rachael Million-Perez, Esquire<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, Colorado 80202<br>*Attorneys for Plaintiff Jibbitz, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Michael Flynn*

Michael J. Flynn (#5333)

7