## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIBBITZ, INC., a Colorado limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No.  22-43-CFC |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SHOE CHARMS LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## [PROPOSED] PROTECTIVE ORDER

Disclosure and discovery in this action (the "Litigation") are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## SCOPE

(a)     All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action, which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below.

(b)     The protections conferred by this Order cover not only documents governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(c)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(d)     The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## <u>LIMITATIONS</u>

1.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## <u>DEFINITIONS</u>

2.      "Affiliate" means any Third Party that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with a Party to this Litigation.

3.      "Asserted Patents" means United States Patent Nos. 7,698,836 ("'836 Patent"), 8,122,519 ("'519 Patent"), and 8,782,814 ("'814 Patent").

4.      "CONFIDENTIAL" means information (regardless of how it is generated, stored, or maintained) or tangible things that contains or reflects confidential, proprietary, and/or commercially sensitive information that is not publicly known, and includes information about a Third Party, parents, subsidiaries, and/or other affiliates.

3

5.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means highly sensitive information, disclosure of which to another Party or Third Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

6.     "CONFIDENTIAL Discovery Material" means Discovery Material a Producing Party designates as CONFIDENTIAL pursuant to the terms of this Protective Order.

7.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material" means Discovery Material a Producing Party designates as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Protective Order.

8.     "Designating Party" means a Party or non-party that designates any Discovery Material in productions, disclosures, or in responses to discovery as "CONFIDENTIAL Discovery Material" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material."

9.     "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Litigation, including responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and

reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including Third Party discovery pursuant to Rule 45, matters in evidence, and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation.   This Protective Order and protections herein shall apply to all Discovery Material.

10.   "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its In-House Counsel or Outside Counsel to serve as an expert witness or as a consultant in this Litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate.   Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

11.   "Outside Counsel" means any attorney from a law firm that has made a formal appearance as counsel of record for a Party in this Litigation or that has sought to enforce or invalidate the Asserted Patents against a Party immediately preceding and resulting in this Litigation and who is not an employee of a Party or of an Affiliate.

12.    "In-House Counsel" means attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel.

13.    "Party" means a party to this Litigation.

14.    "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

15.    "Professional Vendor(s)" means persons or entities that provide litigation support services (e.g., photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

16.    "Protective Order" means this Protective Order.

17.    "Protected Material" and/or "Designated Material" means any Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

18.    "Receiving Party" means any Party that receives Discovery Material produced or otherwise disclosed by any Producing Party.

19.    "Third Party" means a person or entity that is not a Party.

## DESIGNATION

20.    Any Producing Party may designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, respectively, as defined in Paragraphs 4 and 5.

21.    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), designation in conformity with this Protective Order requires that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.  The designation label must not interfere with the legibility of the document.

22.    Documents shall be designated prior to or at the time of the production or disclosure of the documents.

23.    When a tangible object is produced for inspection, subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Thereafter, any information learned or obtained as a

7

result of the inspection shall be subject to protection under this Order in accordance with the applicable designation.

24.    When electronically stored information is produced, which cannot itself be marked with the designation, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The Receiving Party of such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation.

25.    The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

26.    A Party or Third Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the material comprises or includes confidential, proprietary, or trade secret (1) source code or (2) native design files.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this

Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,") to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.  There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Protective Order.

27.    Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is subject to the attorney-client privilege, to work-product protection, or to any other applicable privilege or protection.  Each such redaction, regardless of size, shall be clearly labeled "Redacted – Privileged."  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.   All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log stating the basis for such redaction, pursuant to Fed. R. Civ. P. 26(b)(5), except that the Parties shall not be required to provide a privilege log for any privileged communications or work product created after January 11, 2022.

28.    Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY for  fourteen (14) days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by Outside Counsel for the Producing Party, but not thereafter unless, before the fourteen (14) day period has expired, Outside Counsel for the Producing Party notifies Outside Counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, Counsel for any Party or Third Party also may designate the transcript or portions thereof to be CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material during the deposition.  The appropriate legend described in Paragraph 20 shall be placed on the front of any deposition transcript (and, if recorded, any copies of the recording) containing CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material.

29.    Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses CONFIDENTIAL Discovery Material or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures.  The filing Party must include on the cover page of the brief or other filing a descriptive legend in substantially the following format: "CONFIDENTIAL – FILED UNDER SEAL," or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY – FILED UNDER SEAL," or another suitable legend. Outside Counsel for the Party filing papers containing, describing, or discussing CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with Paragraph (G)(l) of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, revised May 2019.  If the filing contains the CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material of the Party who did not file the document, within three (3) days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or Parties a proposed public version of the under seal filing, which shall include the filing Party's proposed redactions of any CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material.  Within three (3) days after receipt of the proposed public version, Outside Counsel for the non-filing Party shall provide any additional redactions it believes appropriate. Redacted versions of papers filed under seal may be made publicly available, provided that (a) all CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material is redacted;

and (b) such redacted versions are clearly marked "Public Version" and clearly identify each place where information or exhibits have been redacted or deleted.

## PROTECTION OF MATERIALS DESIGNATED CONFIDENTIAL AND HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

30.     Documents and Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or entity, except as set forth in paragraphs 31 and 32 below.

31.     Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY.

(a)     Outside Counsel.

(b)     The Court and its personnel.

(c)     Court reporters and recorders engaged for depositions.

(d)     Any person who authored or recorded the designated document and any person who was previously sent or has previously seen

12

the designated document for permissible purposes under this Protective Order.

(e)    Experts and consultants, subject to the below disclosure procedures and requirements.

(f)    Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

32.    The following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(a)    All categories of persons in Paragraph 31 (a)-(f) above.

(b)    In-House Counsel

(c)    One representative of the Receiving Party who has executed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.  The Receiving Party must notify in writing the Producing Party who the one representative will be five (5) days before disclosure of any CONFIDENTIAL Discovery Material.  The Receiving Party may within that five-day period object to the disclosure of any or all CONFIDENTIAL Discovery Material to the

representative.  Any such objection must set forth in detail the grounds on which it is based.  After the expiration of the 5-day period, if no objection has been asserted, then Designated Material may be disclosed to the representative pursuant to the terms of this Order. However, if the Designating Party objects within the 5-day period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.  In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer (within 7-days absent extraordinary circumstances) to try to resolve the matter by agreement.   If the parties cannot reach an agreement, the Objecting Party may, within three (3) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the representative, or for other appropriate relief. If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting Party, whichever occurs first. If the Objecting Party fails to file a motion for a protective order within the prescribed period, the Designated Material may thereafter be disclosed to such individual.   No substitution of the representative will be permitted

14

absent following the above notice procedure and the parties' written agreement as to how prior material designated CONFIDENTIAL will be treated for the substitute representative.

## DISCLOSURE TO EXPERTS

33.    No disclosure of Designated Material to Experts shall occur until the notice and resolution of objection procedures of this Section are followed.

34.    If a Receiving Party wishes to disclose another Party's Designated Material to any Expert, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the Parties or any entity that the either Receiving Party or the Expert has reason to believe is an Affiliate of any of the Parties; (f) a list of other cases in which the individual has testified (at trial or by deposition) within the last five years; (g) an identification of all of the Person's past and current employment and consulting relationships within the past ten (10) years, including direct relationships and relationships through entities owned or controlled by the Person, relating to the design, development, operation, or patenting of technology covered by the accused products in the above-captioned actions, or relating to the acquisition of intellectual property assets relating to the foregoing; (h) an identification of all pending patent applications on which the

Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and (i) a signed copy of the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B. Further, the Party seeking to disclose Designated Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Designated Material to the outside expert or consultant.

35.    The Designating Party shall have seven (7) business days from receipt of the notice specified in Paragraph 34 to object in writing to such disclosure.  Any such objection must set forth in detail the grounds on which it is based.  After the expiration of the 7-day period, if no objection has been asserted, then Designated Material may be disclosed to the Expert pursuant to the terms of this Order.  However, if the Designating Party objects within the 7-day period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order.  In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer (within 10-days absent extraordinary circumstances) to try to resolve the matter by agreement.  If the parties

cannot reach an agreement, the Objecting Party may, within seven (7) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Expert, or for other appropriate relief. If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting Party, whichever occurs first. If the Objecting Party fails to file a motion for a protective order within the prescribed period, the Designated Material may thereafter be disclosed to such individual.

## USE AT DEPOSITION AND TESTIMONY

36.     A former director, officer, agent and/or employee of a Producing Party may be shown at deposition or trial and examined on all Designated Material that has been produced by that Party and that the Receiving Party's Outside Counsel of Record reasonably and in good faith believes to have been received by the witness previously or that refers to matters within the witness's personal knowledge pertaining to the period or periods of his or her employment, engagement, or relationship with the Producing Party.

37.     Non-parties may be shown at deposition and examined on any document containing Designated Material of a Producing Party that appears on its face, or which the Receiving Party's Outside Counsel reasonably and in good faith

believes based on other documents or testimony, to have been received from or communicated to the non-party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the Acknowledgement and Agreement To Be Bound By Protective Order prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

38.     A witness who previously had access to a document designated CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document at deposition if the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated.  The

witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material.   The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by a witness who is not subject to this Order or his or her counsel who is not subject to this Order, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of this Order).

39.   Except as may be otherwise ordered by the Court, and without limitation as to any of the other provisions of this Section, any person may be examined as a witness by deposition, and may testify concerning all Designated Material of which such person has prior knowledge.

40.   Notwithstanding any above sub-section, no copies of Designated Material may be provided to any deponent or trial witness other than for purposes of the examination without the written consent of the Producing Party.

41.    Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how the transcript of the testimony is designated within ten (10) days of receipt of the final transcript of the testimony. Counsel shall exercise discretion in designating a deposition under this Protective Order, and shall only designate those containing the disclosure of information properly entitled to protection under this Protective Order. If no indication on the record is made, all information disclosed during a deposition shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until the time within which it may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain the transcript as confidential must designate the transcript as confidential within seven (7) days, or else the transcript may be treated as non-confidential. Any Designated Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the

videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Designated Material based on the designation of such Designated Material. This right of exclusion does not include the deponent, deponent's counsel, the reporter or videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Designated Material.

## **GENERAL USE OF DESIGNATED MATERIAL**

42.     Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action. Designated Material shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, or governmental purpose. Information contained or reflected in Designated Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

21

43.     Nothing in this Order shall limit a Receiving Party from making use of or disclosing documents and/or things that (a) were lawfully in its possession prior to receipt of such information from a Producing Party; (b) appear in any published material available to the Producing Party's trade or business, available to the public, or otherwise become available within the public domain, other than as a consequence of the Receiving Party's breach of any obligation not to disclose the information; or (c) it lawfully obtains subsequent to the Producing Party's disclosure, without obligation of confidence, from a source or sources other than the Producing Party; regardless of whether the same is Designated Material.

44.     Subject to the remaining provisions of this Protective Order, absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file, or disclose, in the public record any Designated Material.

45.     If a Receiving Party files any document with the Court containing information designated by a Producing Party as Designated Material, it shall file such a document in accordance with the Court's rules and practices governing the filing of sealed documents and shall indicate prominently on the face of the document that is being filed under seal, the level of confidentiality protection to which the document is subject and the name of the Producing Party whose

Designated Material is involved. All such Designated Material so filed shall be released from confidential treatment only by order of the Court.

46.     This Protective Order shall not bar or otherwise restrict Counsel of Record from rendering advice to his or her client with respect to the Action, and in the course thereof, referring to or relying generally upon his or her examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of such information designated as Designated Material contrary to the terms of this Protective Order.

47.     Disclosure of Designated Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Designated Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance. Absent written consent by the Producing Party, which will not be unreasonably withheld, Designated Material may not be exported or accessed outside the United States.

## NO WAIVER OF PRIVILEGE

48.     Subject to the provisions of Federal Rule of Evidence 502, inspection or production of documents (including physical objects) shall not constitute a waiver

of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. If the Producing Party becomes aware of any inadvertent disclosure, the Producing Party may promptly designate any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity and request in writing return of such documents to the Producing Party. Upon such request, the Receiving Party shall immediately retrieve and return or destroy all copies of such document(s). The Producing Party shall retain a copy of any such documents and shall be prepared to submit them to the Court in connection with any Order of this Court requiring in camera inspection in connection with a challenge of the privilege designation.

49.    In turn, the Producing Party shall keep a copy of the document(s) requested to be retrieved and returned or destroyed, and shall, if otherwise required under the terms of this Order, create a privilege log for all such documents requested to be returned or destroyed. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court or by otherwise presenting to the Court (if requested by the Court); provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as

attorney-client privileged, work product, or subject to another applicable privilege or immunity, and shall not refer to the content of the inadvertently-produced items.

## INADVERTENT FAILURE TO DESIGNATE PROPERLY

50.     The inadvertent failure by a Producing Party to designate any material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Designated Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Designated Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all materials that were not designated properly.

51.     Once a Receiving Party has received notification of the correct confidentiality designation for the Designated Material with the correct confidentiality designation, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Order. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order.

52.     Notwithstanding the above, a subsequent designation of CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material shall apply on a going forward basis and shall not disqualify anyone who reviewed CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material while it was not marked with the proper designation from engaging in the activities set out in Paragraphs 33-35.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

53.     The Parties will use reasonable care when designating information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

54.     Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated CONFIDENTIAL Discovery Material, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Discovery Material have been improperly designated.  A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

55.     A Receiving Party may seek to de-designate Designated Material on the grounds that such material: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYE ONLY," designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.

56.     Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes in accordance with the following procedures:

57.     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The objecting Party shall have the burden of justifying the disputed de-designation;

58.     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

59.     If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS EYE ONLY" designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information. Notwithstanding any challenge to a designation, the Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Material in question withdraws such designation in writing; or (b) the Court rules that the Material in question is not entitled to the designation.

## COMMUNICATIONS BETWEEN PARTIES AND COUNSEL OF RECORD

60.     Privileged or protected communications between a Party and its respective Counsel of Record, occurring after the date of filing of Plaintiff's initial Complaint or the retention of litigation counsel of record, and/or responsive documents and things subject to the attorney-client privilege, work product protection, and/or other applicable protection/immunity, need not be produced or disclosed on a privilege log in response to a discovery request served by another Party, absent an order of the Court, except as required to rely on an opinion of counsel as part of a defense in this Action.

## EXPERT REPORTS, DECLARATIONS AND COMMUNICATION

61.     For experts retained in anticipation of or in connection with this Action, documents constituting drafts of expert reports and declarations, and documents constituting notes created by or for an expert in connection with preparation of his or her expert report or declaration, shall not be discoverable and need not be preserved unless the expert relies upon such drafts and/or notes. Work product materials, including communications, generated in connection with non-testifying experts and consultants who are retained solely in anticipation of or in connection with the above-captioned litigation, shall not be discoverable absent an order by the Court. Conversations or communications between counsel and any testifying expert

or consultant shall not be discoverable absent an order by the Court, except to the extent such conversations or communications are relied upon by the expert.

## UNAUTHORIZED DISCLOSURE

62.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Designated Material.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

63.    A non-party that produces Discovery Material voluntarily, or pursuant to a subpoena or a court order, may designate such Discovery Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit. A non-party's use of this Protective Order to protect its "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" does not entitle that non-party access to "CONFIDENTIAL," or "HIGHLY

CONFIDENTIAL – ATTORNEYS EYES ONLY" material produced by any Party in this case. Any non-party who is subpoenaed or whose documents, things, or other items are otherwise requested in connection with this action must be provided a copy of this Protective Order and be made aware of their right to produce documents pursuant thereto.

## OTHER PROCEEDINGS

64.    By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard in the other proceeding on whether that information should be disclosed. More specifically, if a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," the Receiving Party must so notify the Producing Party, in writing (by email) promptly, and in no event more than seven (7) calendar days after receiving the subpoena or order. Such notification

must include a copy of the subpoena or order. The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The Receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Designated Material may be affected. If the Producing Party timely seeks a protective order, the party served with a subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Producing Party's permission. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## DISCOVERY FROM EXPERTS OR CONSULTANTS

65.    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also

exempt from discovery. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming opinions appearing in his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

66.    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

67.    Materials, communications, and other information exempt from discovery under the foregoing paragraphs shall be treated as attorney-work product for the purposes of this litigation and Order.

**<u>WAIVER OF NOTICE PROVISIONS</u>**

68.    Any of the notice requirements herein may be waived, in whole or in part, but only by a writing from the Counsel of Record for the Party against whom such waiver will be effective.

## MODIFICATION AND OBJECTIONS

69.     This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

## JURISDICTION

70.     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware. Every individual who has signed the "Acknowledgement and Agreement To Be Bound By Confidentiality Order" attached as Exhibit A, or who received any Designated Material, agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

## **FINAL DISPOSITION**

71.    Unless otherwise ordered or agreed in writing by the Producing Party, within one hundred and twenty (120) calendar days after the final termination of this Action as to the Producing Party, all Parties, persons, and entities (including experts and consultants) who received Designated Material must destroy or return to Counsel of Record for the Producing Party all Designated Material and any and all copies of such Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 120-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, attorney work product, and legal files, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order.  Final termination shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## DURATION

72.     The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

## SUCCESSORS

73.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## MISCELLANEOUS

74.     **Notices**. All notices required by this Protective Order are to be served on the attorney(s) of record for each of the Defendant and Plaintiff listed for each Party.

75.     **Agreement to be Bound**. Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply

to any Designated Material obtained by that Party or its counsel prior to execution, even if prior to entry of this order by the Court.

|  | Respectfully submitted, |
|---|---|
| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |

By:  */s/ David E. Moore*          
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Brandon R. Harper (#6418)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    bharper@potteranderson.com

By:  */s/ Michael Flynn*          
    Michael Flynn (#5333)
    Matthew Middleton (#6877)
    1201 N. Market Street
    P.O. Box 1347
    Wilmington, DE  19899
    Tel:  (302) 658-9200
    mflynn@mnat.com
    mmiddleton@mnat.com

*Attorneys for Defendant Shoe Charms LLC*

*Of Counsel:*

Ben Fernandez
Sydney Donovan
Rachael Million-Perez
WILMER CUTLER PICKERING HALE
  AND DORR LLP
1225 17th Street, Suite 2600
Denver, Colorado  80202
Tel: (720) 274-3135

*Attorneys for Plaintiff Jibbitz, Inc.*

10252193 / 21615.00001

IT IS SO ORDERED this ___ day of _____, 2022.

                             _____
                                     United States District Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____,

with the address of _____,

declare under penalty of perjury that I have read in its entirety the Order that was

issued by the United States District Court for the District of Delaware in the case of

*Jibbitz, Inc. v. Shoe Charms LLC*, C.A. No. 1:22-cv-00043-CFC.  I agree to comply

with and to be bound by all the terms of this Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.   I solemnly promise that I will not disclose in any manner any

information or thing that is subject to this Order to any person or entity except in

strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the District of Delaware for the purpose of enforcing the terms of this Order,

even if such enforcement proceedings occur after termination of this litigation.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

**EXHIBIT B**

**CERTIFICATION OF OUTSIDE CONSULTANT
REGARDING PROTECTIVE ORDER**

I, _____, state:

1.      I have read the Protective Order ("Order") in the matter of *Jibbitz, Inc. v. Shoe Charms LLC*, C.A. No. 1:22-cv-00043-CFC; and understand and will abide by its terms.

2.      I am not a current or anticipated officer, director, or employee of a Party or of a Party's competitor, or a current or anticipated consultant involved in product and/or process design or development for a Party or for a Party's competitor.

3.      If at any time after I execute this Certification of Outside Consultant and during the pendency of the litigation I become an officer, director, or employee of a Party or of a Party's competitor, or a consultant involved in product and/or process design or development for a Party or for a Party's competitor, I will promptly inform the counsel for the Party who retained me in this litigation.  I will not thereafter review any Designated Materials marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless and until the Parties agree or the Court orders otherwise.

4.      I will not use any Designated Material for any purpose other than this litigation. Without limiting the foregoing, I agree not to use any Designated Material for commercial hardware, software, or product development.

5.     To the extent I review any of Defendant's HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to which I am permitted access under this Protective Order, I agree that, during the pendency of the above-referenced actions and for two (2) years following the final termination of the above-referenced actions (including any appeals), I will not:

    a.   participate in the preparation or prosecution of any patent or patent application related to the Relevant Technology; or

    b.   participate in the drafting, revision, or amendment of any patent claim involved in an *inter partes* review, patent reexamination, patent reissue, or other post-grant review proceeding related to the Relevant Technology.

6.     I agree to be subject to the authority of the United States District Court for the District of Delaware in the event of any dispute related to this certification.

7.     I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on _____ 20___.     _____
                                                                                  Signature