IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIBBITZ, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-43 (CFC) |
| | ) |
| SHOE CHARMS LLC, | ) |
| | ) |
| Defendant. | ) |

**UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") hereby moves pursuant to D. Del. LR 83.7 for leave to withdraw as counsel for Defendant Shoe Charms LLC ("Shoe Charms") in the above-captioned matter.

In support of this motion, Morris Nichols respectfully states as follows:

**I. Nature and Stage of Proceedings**.

1. Plaintiff Jibbitz, Inc. filed this case on January 11, 2022, asserting infringement of U.S. Patent Nos. 7,698,836; 8,122,519; and 8,782,814 against Shoe Charms. After the deadline to respond to the Complaint had passed, Plaintiff moved for Entry of Default against Shoe Charms on April 26, 2022 (D.I. 11). On May 2, 2022, Shoe Charms moved *pro se* for an extension of time to respond to the Complaint to allow it to secure counsel to represent it in this matter (D.I. 16). Shoe Charms and Morris Nichols entered into an engagement letter setting forth the terms under which Morris Nichols agreed to represent Shoe

Charms in this action (the "Engagement Letter"). Morris Nichols entered an appearance on May 9, 2022 (D.I. 17), and moved for leave to file Shoe Charms' answer out of time with Shoe Charms' Answer to the Complaint attached (D.I. 19). The Court granted the motion (D.I. 24) and entered Shoe Charms' Answer (D.I. 25) on May 25.

2. The Court entered the parties' Joint Proposed Scheduling Order (D.I. 28) on June 27, 2022. Pursuant to the Scheduling Order, Jibbitz served its Initial Infringement Contentions and related documents on August 26, 2022 (D.I. 34). The parties have exchanged initial document requests and interrogatories; by agreement of the parties, responses to these discovery requests are due on October 17, 2022.

**II. Legal Standards.**

3. Rule 1.16(b) of the Model Rules of Professional Conduct of the American Bar Association (the "Model Rules") and the Delaware Lawyers' Rules of Professional Conduct ("Delaware Rules"), permit a lawyer to withdraw from representing a client under certain enumerated circumstances, including when "other good cause exists." Delaware Rule 1.16(b)(7).

4. When withdrawal of counsel would leave the party without representation by a member of the Bar of this Court, as here, the withdrawal requires an order of the Court and notice to all parties. D. Del. LR 83.7; *see also*

*Sharp v. Verizon Delaware Inc.*, 2012 WL 6212615, at *2 (D. Del. Dec. 12, 2012) ("When a motion to withdraw is filed, and substitute counsel has not entered an appearance on the affected party's behalf, the decision as to whether to allow counsel to withdraw its representation is within the discretion of the Court.") (citing *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d. Cir. 1986)).

**III. Counsel Respectfully Requests that Withdrawal Be Permitted Under the Court's Discretion.**

5.  Morris Nichols has represented Shoe Charms as counsel in this action since May 9, 2022, and has continuously and diligently represented Shoe Charms in this matter.

6.  It has since become apparent, however, that Morris Nichols cannot continue with its representation of Shoe Charms. Shoe Charms has failed to fulfill material obligations to Morris Nichols under the parties' Engagement Letter. Undersigned counsel avers that good cause exists for withdrawal from representation of Shoe Charms in this matter. *See* Delaware Rule 1.16 n.3 ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient.").

7.  Because counsel has an obligation to maintain Shoe Charms' confidential information and the attorney-client privilege, counsel is unable to reveal the factual bases for this motion here. *See* Delaware Rule 1.6(a) ("A lawyer shall not reveal information relating to the representation of a client unless the

3

client gives informed consent"); *see also id.* n.4 ("Paragraph (a) prohibits a lawyer from revealing information relating to the representation of a client."). Counsel will, of course, provide additional information to the Court if ordered to do so with appropriate protections for confidentiality and privilege. *See* Delaware Rule 1.6(b)(6).

8. This case is in its early stages, with discovery having just commenced and trial not scheduled until July 2024. *See* D.I. 28. Although Shoe Charms will be left temporarily unrepresented by the withdrawal, it will have ample opportunity to secure new counsel. *See Sharp*, 2012 WL 6212615, at *4 ("[I]n cases where withdrawal has occurred at an early enough stage in a litigation matter, courts have found that a [party's] rights can be sufficiently protected by crafting a new schedule that allows the affected party a fair opportunity to retain new counsel and 'ample time to conduct discovery.'") (citation omitted).

9. Pursuant to Delaware Rule 1.16(d), Morris Nichols will "take steps to the extent reasonably practicable to protect [Shoe Charms'] interests," and will assist in the transition of the matter to new counsel if requested to do so by Shoe Charms.

**IV. Notice.**

10. Pursuant to D. Del. LR 83.7, Morris Nichols sent a letter and draft copy of this motion to Shoe Charms at its address in Lawrenceville, Georgia

via USPS Priority Overnight mail and emailed a copy to Shoe Charms on September 16, 2022. *See* Ex. A. Eric Ponce, owner of Shoe Charms, acknowledged receipt of the email on that same date. *See* Ex. B.

11. As of the date of this motion, Shoe Charms has not indicated whether it opposes this motion to withdraw or whether it has retained substitute counsel.

12. Undersigned counsel has conferred with counsel for Plaintiff pursuant to D. Del. LR 7.1.1 concerning this motion for leave to withdraw. Plaintiff's counsel has indicated that it does not oppose the motion.

WHEREFORE, Morris Nichols respectfully requests that the Court enter an Order granting this Motion for Leave to Withdraw as Counsel. A [Proposed] Order is attached.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@morrisnichols.com

*Attorneys for Defendant Shoe Charms LLC*

September 30, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIBBITZ, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-43 (CFC) |
| | ) |
| SHOE CHARMS LLC, | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

WHEREAS, Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") has moved to withdraw as counsel for Defendant Shoe Charms LLC ("Shoe Charms") in the above-captioned action (the "Motion to Withdraw");

WHEREAS, counsel for Plaintiff Jibbitz, Inc., has indicated that Plaintiff does not oppose the Motion to Withdraw; and

WHEREAS, the Court has reviewed the Motion for Leave to Withdraw and has determined that good cause exists for the relief sought therein;

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion to Withdraw is GRANTED this _____ day of _____, 2022.

_____
Chief, United States District Judge